# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 14-0218-CG-B |
| | ) | |
| CHERYL DOTSON | ) | |
| | ) | |

## ORDER

This matter is before the Court on the Defendant, Cheryl Dotson's ("Dotson"), Motion Requesting Judicial Recommendation Concerning Length of RRC/Halfway House Placement (Doc. 249). The Government did not file a response.

## BACKGROUND

On August 19, 2015, this Court sentenced Dotson to a term of 41 months imprisonment for each of nine separate counts: Counts 1 (conspiracy to commit loan application fraud), Counts 2-5 (loan application fraud and aiding and abetting), and Counts 10-13 (loan application fraud and aiding and abetting). (Doc. 166). Dotson was additionally sentenced to one month imprisonment for a separate criminal action. (*Id*.) All of Dotson's sentences were to run concurrently with one another. (*Id*.) Dotson's conviction and sentence was affirmed on appeal on August 24, 2016. (Doc. 211). Dotson filed a Motion to Vacate Pursuant to 28 U.S.C. § 2255 on November 20, 2017, which remains pending before this Court. (Doc. 243). Dotson does not indicate the date on which she reported for her sentence or her anticipated release date. However, the record reflects that Dotson was twice allowed an

extension of time in which to report for her sentence (Doc. 186 and 216) the last of which stated she would report after the Court of Appels issued a mandate confirming her convictions. The Court of Appeals issued its mandate on November 14, 2016. (Doc. 224). Accordingly, the Court assumes Dotson will be released in early to mid 2020. Dotson now seeks a recommendation from this Court that she be given the maximum amount of time allowable in a halfway house and/or home confinement. (Doc. 249).

## DISCUSSION

The Second Chance Act amended 18 U.S.C. § 3624(c) authorizes the Director of the Bureau of Prisons to allow a prisoner to spend a portion of the final months of his/her sentence (not to exceed twelve months) "under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for reentry of that prisoner into the community". 18 U.S.C. § 3624(c)(1). As such, the amendment "authorize[d] the BOP to consider placing an inmate in an RRC for up to the final 12 months of his or her sentence, rather than the final six months that were available pre-amendment." *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *see Wood v. Outlaw*, No., 2010 WL 3417811, at *2 (Aug. 26, 2010) ("Among other things, the Act extended the maximum allowable RRC placement from 6 months to 12 months."). The relevant conditions include placement in a community correctional facility. 18 U.S.C. § 3624(c)(1).

Pursuant to the Act, BOP staff is directed to review inmates for RRC placement 17 to 19 months before their projected release date and to consider

2

inmates on an individual basis using the following five factors set forth in 18 U.S.C. § 3621(b): (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence (concerning the purposes for which the sentence to imprisonment was determined to be warranted, or recommending a type of penal or correctional facility as appropriate); and (5) any pertinent policy statement issued by the Sentencing Commission. *See* 18 U.S.C. § 3621(b)(1)-(5). Placement in a community correctional facility should be "of sufficient duration to provide the greatest likelihood of successful reintegration into the' 'community." 18 U.S.C. § 3624(c)(6)(C).

Because this is the Court that sentenced Dotson, it can issue a recommendation as to the type of penal or correctional institution that is appropriate as requested by Dotson. *See* 18 U.S.C. § 3621(b)(4)(B); *See also, U.S. v. Baker*, 2013 WL 355867 (M.D. Ala. January 29, 2013). However, upon review of the information and documentation submitted by Dotson, this Court does not find that the requested recommendation is appropriate in this action. Specifically, the only facts relied on by Dotson in making her request is that she is 55 years old and that employment will be hard to find based on her felony conviction. These facts are not uncommon of prisoners and do not justify Dotson's request for additional time in a halfway house. Further, Dotson points out that she has participated in numerous classes offered at the prison where she is housed and has completed a release orientation program. However, a review of Dotson's education transcript reflects

that very few of the courses taken by Dotson were aimed at skills to improve her sucess in gaining or maintaining employment after her release. Instead, the transcript reflects that of the twenty-seven classes in which Dotson enrolled, approximately ten classes were for health and/or fitness, nine classes related to elective activities, i.e. music, sign language, art, crocheting, etc., one class related to parenting, and seven classes were ostensibly related to returning to society, i.e. "women in the 21 century", political science, self-esteem, small business, successful employment, checking/savings, and "start a business class". (Doc. 249 at 5). Accordingly, Dotson's participation in courses during her incarceration does not suggest a strong showing of her effort to be a more valuable member of society once she is released. Lastly, Dotson's motion fails to persuade this Court that Dotson is earnest in her effort to seek additional time in a half-way house in order to increase her likelihood of a successful re-entry in to society. Instead, it appears that Dotson may wish only to leave imprisonment as soon as possible. For example, while Dotson points to the nature of her offense (fraud), her lack of savings or assets, medical problems, negative networth, and large restitution as grounds for an extended stay in an halfway house or home confinement, just two sentences later, Dotson states she is willing to pay any and all costs associated with her monitoring device - an offer that rings hollow given her circumstances. As a result, this Court is not compelled to grant Dotson's request for a favorable recommendation.

## CONCLUSION

For the reasons stated herein above, Dotson's Motion Requesting Judicial

Recommendation Concerning Length of RRC/Halfway House Placement (Doc. 249) is **DENIED.**

    **DONE** and **ORDERED** this 16th day of April 2019.

                                        /s/ Callie V. S. Granade
                                        SENIOR UNITED STATES DISTRICT JUDGE